IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02183-BNB

JOHNNY BRETT GREGORY [Injured Party],

     Applicant,

v.

DEBORAH DENHAM, Warden - FCI Englewood,

     Respondent.

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Johnny Brett Gregory, is a prisoner in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution Englewood in Littleton, Colorado.  Mr. Gregory has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) claiming his constitutional rights have been violated in connection with two disciplinary convictions.  As relief, he requests expungement of the disciplinary convictions, return to placement in minimum custody level, and restoration of good time credits.

The Court must construe the Application liberally because Mr. Gregory is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Gregory will be ordered to file an amended application if he wishes to pursue his habeas corpus claims in this action.

The Application is deficient because Mr. Gregory fails to provide a clear statement of the claims he is asserting.  Mr. Gregory asserts three claims for relief that challenge two disciplinary convictions.  Mr. Gregory also attaches two exhibits totaling 66 pages that include lengthy recitations of factual allegations that are not clearly relevant or linked to the claims being asserted.  For example, the second exhibit is titled "Injured Party Designation of Non-Party at Fault Under Colorado Law Don Jennings, Wendy J. Roal, Luke M. Ormandy, Tony Chaness and Kevin Nikes as Agents for Federal Bureau of Prisons Inc" and attempts to name these individuals as non-parties at fault and seek monetary damages from them.

Mr. Gregory may not assert claims for damages against individual prison officials who have allegedly violated his rights in this § 2241 action because "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  If Mr. Gregory wishes to pursue any claims for damages, he must do so in a separate civil rights action.  In addition, Mr. Gregory appears to be challenging the conditions of his confinement by arguing that he was placed in a higher security level in retaliation for filing a prior lawsuit.  Mr. Gregory also may not raise the retaliation claim in this habeas corpus action.  *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (discussing distinction between habeas corpus claims pursuant to 28 U.S.C. § 2241 and conditions of confinement claims raised in civil rights actions).  Mr. Gregory must raise the retaliation claim in a separate civil rights action if he wishes to pursue that claim in federal court.

Mr. Gregory's disjointed and prolix factual allegations concerning the habeas

corpus claims in the Application do not provide a clear statement of the specific claims he is asserting and do not demonstrate he is entitled to relief. Although the Court must construe the Application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

The Court finds that the Application does not comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Gregory must present his claims in a manageable and readable format that allows the Court and Respondent to know what claims are being asserted and to be able to respond to those claims. Mr. Gregory must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. A long, chronological recitation of facts is not required. Nor should the Court or Respondent be required to sift through Mr. Gregory's allegations to locate the heart of each claim.

Habeas corpus relief is warranted only if Mr. Gregory "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Gregory must provide specific factual allegations in support of the federal constitutional claims he is asserting.  These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

The Court, therefore, will direct Mr. Gregory to file an amended application that complies with the pleading requirements of Rule 8 and Rules 2(c)(1) and 2(c)(2) and states claims in a manageable format that allows the Court and Respondent to know what claims are being asserted and to be able to respond to those claims.

Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Gregory file an amended application that clarifies his habeas corpus claims in this action.  It is

FURTHER ORDERED that Mr. Gregory shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the

assistance of his case manager or the facility's legal assistant), along with the

applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Gregory fails within the time allowed to file an

amended application that clarifies his claims in this action, the action may be dismissed

without further notice.

DATED August 18, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge