IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02183-BNB

JOHNNY BRETT GREGORY,

    Applicant,

v.

DEBORAH DENHAM, Warden - FCI Englewood,

    Respondent.

ORDER

This matter is before the Court on the following four documents: "Ex Parte & Sua Sponte Motion for 'Jurisdictional Challenge'" (ECF No. 6); "Ex Parte Motion to Strike the Magistrate Judge's Order of August 18, 2014 Pursuant to F.R.Cv.P. Rule 12(f)" (ECF No. 7); "Ex Parte Applicant's Objection to Order of August 18, 2014 Directing Applicant to File Amended Application Pursuant to 28 U.S.C. § 636(b)(1)(A)" (ECF No. 8); and "Ex Parte Injured Party Pleading to Deem This Case Complex" (ECF No. 9). The documents were filed *pro se* by Applicant, Johnny Brett Gregory, on August 27, 2014. The Court construes the documents collectively as objections to Magistrate Judge Boland's Order Directing Applicant to File Amended Application (ECF No. 5) dated August 18, 2014. For the reasons discussed below, the objections will be overruled.

Mr. Gregory initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) claiming his constitutional rights have been violated in connection with two disciplinary convictions. On August 18,

2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Mr. Gregory to file an amended application if he wishes to pursue his habeas corpus claims in this action. In the order to amend, Magistrate Judge Boland determined that the habeas application was deficient because the claims failed to comply with Fed. R. Civ. P. 8 and the Rules Governing § 2254 Cases in the United States District Courts.

Mr. Gregory objects to Magistrate Judge Boland's order for numerous reasons. First, Mr. Gregory argues that because he has "claimed his Constitutional rights had been violated in connection with two disciplinary convictions, Mr. Gregory should not be ordered to file an amended application." He also asserts that Magistrate Judge Boland misapplied Fed. R. Civ. P. 8, wrongfully relied on the Rules Governing § 2254 Cases, and acted as an advocate for Respondent. In short, Mr. Gregory argues that he "has presented his claims in a very manageable and readable format, that allows this court through a Art. III Judge's eyes and Respondent including Non-party at fault to know what claims are being asserted and to be able to respond to the factual claims . . . including State of Colorado's Statute 13-21-111.5 C.R.S. claim for Non-party at fault damages, including the specific rights that factally [sic] have been violated and the Specific acts of each non-party at fault, that violated Mr gregorys rights to own property. (i.e., U.C.C. Caveat), giving all the different venues a long chronological recitation of facts is required, due to this being a more complex case."

Second, Mr. Gregory contends that Magistrate Judge Boland incorrectly construed the 66-pages of attachments "as a basis of this habeas corpus standing alone" rather than "as a pleading in pendent state law claim." Mr. Gregory requests that the Court exercise jurisdiction over the pendent state claim for "non-party at fault

damages" against individual prison officials who are not parties to this habeas action.

Third, Mr. Gregory claims that Magistrate Judge Boland did not follow the rules pursuant to 28 U.S.C. § 2243 by not issuing an order directing Respondent to show cause why the writ should not be granted. Fourth, he requests that the Court strike Magistrate Judge Boland's order because it is insufficient pursuant to Fed. R. Civ. P. 12(f). Finally, Mr. Gregory asks that the Court "deem this case 'complex.'"

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Boland's order dated August 18 directing Mr. Gregory to file an amended application is not clearly erroneous or contrary to law.

Mr. Gregory asserts that his allegations that his constitutional rights have been violated satisfy the pleading requirements of Fed. R. Civ. P. 8, and that the Rules Governing § 2254 Cases in the United States District Courts do not apply to his § 2241 Application. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis

placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Mr. Gregory's Application consists of seventy-pages of text interspersed with prison incident reports, state court orders, and other documents. His allegations are not "simple, concise, and direct," and he does not provide a "short and plain statement of [each] claim showing that" he is entitled to relief. Fed. R. Civ. P. 8(a) & (d)(1). Mr. Gregory's claims are unnecessarily verbose and confusing.

Moreover, the Rules Governing § 2254 Cases in the United States District Court applies to this habeas corpus action pursuant to § 2241. "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix,* 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243). Accordingly, naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Gregory's objections that his allegations of constitutional violations are sufficient will be overruled and he will be required to file an amended application if he wishes to pursue his claims in this action.

Mr. Gregory also objects to the order to amend contending that Magistrate Judge Boland misconstrued his second exhibit "as a basis of this habeas corpus standing alone" rather than "as a pleading in pendent state law claim" against non-parties at fault. He asserts that it is proper to bring his "pendent state law claim" for damages in the habeas action and that this Court has jurisdiction over this claim. Magistrate Judge Boland plainly did not err in informing Mr. Gregory that he may not assert claims for

damages against individual prison officials in this habeas action.  *See Licon v. Ledezma,* 638 F.3d 1303, 1311 (10th Cir. 2011) (habeas corpus is limited to challenges to "the execution of a sentence"); *and cf. Muhammad v. Close,* 540 U.S. 749, 750 (2004) (habeas corpus is not meant to provide compensation for the "circumstances of confinement").  Moreover, claims of state law violations are not cognizable in a federal habeas action.  *See* 28 U.S.C. §§ 2241(c)(3); *see also Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000).  Accordingly, Mr. Gregory's objections concerning Magistrate Judge Boland's determination that this Court lacks jurisdiction over his state law claim for non-party at fault damages are overruled.

Next, Mr. Gregory objects that Magistrate Judge Boland failed to follow 28 U.S.C. § 2243 by not issuing to Respondent an order to show cause why the writ should not be granted.  The United States Supreme Court has noted that "Congress has provided that once a petition for a writ of habeas corpus is filed, *unless the court is of the opinion that the petitioner is not entitled to an order to show cause*, . . . an order to show cause must be issued."  *Harris v. Nelson,* 394 U.S. 286, 298-99 (1969) (emphasis added); *see also Kilgore v. Attorney Gen. Of Colorado,* 519 F.3d 1084, 1087 (10th Cir. 2008) (acknowledging that the AEDPA provides for preliminary judicial screening of habeas petitions); *Thompson v. True,* 156 F.3d 1244 (10th Cir. 1998) (rejecting prisoner's argument on appeal that district court ignored supposed mandate of 28 U.S.C. § 2243 that orders to show cause issue to respondents in all habeas actions because § 2243 provides that a court must issue an order to show cause "unless it appears from the application that the applicant or person detained is not entitled thereto").  Therefore, this objection also will be overruled.

Mr. Gregory also asks that this Court strike Magistrate Judge Boland's order as "insufficient" pursuant to Fed. R. Civ. P. 12(f) because the order attempted "to remove Mr. Gregory's designated Non-party at fault that meets the statutory requirements of Colo. Rev. Stat. § 13-21-111.5(3)(b)." As noted above, this argument is without merit, the motion to strike is denied, and this objection is overruled.  Accordingly, it is

ORDERED that Mr. Gregory's objections are OVERRULED and the Ex Parte & Sua Sponte Motion for 'Jurisdictional Challenge'" (ECF No. 6); "Ex Parte Motion to Strike the Magistrate Judge's Order of August 18, 2014 Pursuant to F.R.Cv.P. Rule 12(f)" (ECF No. 7); "Ex Parte Applicant's Objection to Order of August 18, 2014 Directing Applicant to File Amended Application Pursuant to 28 U.S.C. § 636(b)(1)(A)" (ECF No. 8); and "Ex Parte Injured Party Pleading to Deem This Case Complex" (ECF No. 9) are DENIED.  It is

FURTHER ORDERED that Mr. Gregory shall have **thirty (30) days** from the date of this order to file an amended application that complies with the directives of the Order Directing Applicant to File Amended Application (ECF No. 5) dated August 18, 2014.  If Mr. Gregory fails to do so within the time allowed, the action may be dismissed without further notice.

DATED at Denver, Colorado, this  5th  day of    September        , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court