IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02183-BNB

JOHNNY BRETT GREGORY,

    Applicant,

v.

DEBORAH DENHAM, Warden - FCI Englewood,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, Johnny Brett Gregory, is a federal prisoner at the Federal Correctional Institution Englewood in Littleton, Colorado.  On August 6, 2014, Mr. Gregory filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) contending that his constitutional rights have been violated in connection with two disciplinary convictions and asserting "supplemental jurisdiction" over his "non-party at fault" claims.

    On August 18, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Gregory to file an amended application if he wished to pursue any federal habeas corpus claims in this action.  Magistrate Judge Boland noted that the original application was deficient because Mr. Gregory's allegations failed to comply with Rule 8 of the Federal Rules of Civil Procedure and the Rules Governing § 2254 Cases in the United States District Courts.  Magistrate Judge Boland advised Mr. Gregory that habeas corpus relief is warranted only if he "is in custody in violation of the Constitution

or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3); that the pleading rules applicable to a habeas corpus action are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading, see *Mayle v. Felix*, 545 U.S. 644, 655 (2005); and that naked allegations of constitutional violations are not cognizable in a habeas corpus action, see *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

On August 27, 2014, Mr. Gregory filed four documents (ECF Nos. 6-9), which were construed collectively as objections to Magistrate Judge Boland's August 18 Order. On September 5, 2014, I reviewed the documents and the file and overruled Mr. Gregory's objections finding that the August 18 Order was not clearly erroneous or contrary to law. I further ordered Mr. Gregory to file an amended application that complies with the directives of the August 18 Order directing him to file an amended application. I warned Mr. Gregory that failure to file an amended application within the time allowed may result in dismissal of the action without further notice.

Instead of filing an amended application on the proper, court-approved form, Mr. Gregory filed four documents titled: Request to Take Judicial Notice (ECF No. 14); Ex Parte Partial Summary Judgment (F.R.Civ.P. Rule 56) (ECF No. 15); Quasi-Estoppel (ECF No. 16); and Preliminary Objections to the Courts Order September 5, 2014 (ECF No. 17).

The Court must construe the papers filed by Mr. Gregory liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated

below, the Court will dismiss the action.

The Court has reviewed the papers filed by Mr. Gregory in response to my September 5 Order and Magistrate Judge Boland's August 18 Order and finds that Mr. Gregory has failed to comply with those orders.

First, he has not filed an amended application on the proper form as directed and as required by the District of Colorado local civil rules. *See* D.C.COLO.LCivR 5.1(c) ("If not filed electronically, an unrepresented prisoner or party shall use the forms and procedures posted on the court's website."). Second, and more importantly, Mr. Gregory still fails to provide a clear statement of any claim that demonstrates he is entitled to habeas corpus relief. Although Mr. Gregory initially asserted that he has been denied due process in connection with two disciplinary proceedings, he fails to allege specific facts in support of the due process claims that demonstrate his constitutional rights have been violated. Instead he continues to file documents regarding his "pendant" state claims for non-party at fault damages against individual prison officials who are not parties to this habeas action. The Court has repeatedly advised Mr. Gregory that he may not assert claims for damages against individual prison officials in this habeas action. *See Licon v. Ledezma,* 638 F.3d 1303, 1311 (10th Cir. 2011) (habeas corpus is limited to challenges to "the execution of a sentence"); *and cf. Muhammad v. Close,* 540 U.S. 749, 750 (2004) (habeas corpus is not meant to provide compensation for the "circumstances of confinement"). Moreover, claims of state law violations are not cognizable in a federal habeas action. *See* 28 U.S.C. § 2241(c)(3); *see also Montez v. McKinna,* 208 F.3d 862, 865 (10th Cir. 2000).

Furthermore, the "non-party at fault claims" appear to relate to the UCC financing

statement Mr. Gregory filed in Florida, in which he named himself as the secured party for a $53,060,000.00 debt owed him by various government officials.  (*See* ECF Nos. 1-2; ECF No. 6; ECF No. 7; ECF No. 8 at 3-5; ECF No. 9 at 1-2; ECF No. 10; ECF No. 14; ECF No. 15; and ECF No. 16).  The Court is aware that prisoners have repeatedly used fraudulent UCC filings to harass, intimidate, and obtain payments from government officials:

> The abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented. *See, e.g., United States v. Gordon,* No. CV 205-158, 2005 WL 2237640 (S.D. Ga. Aug.25, 2005) (prisoners filed "facially absurd" liens and UCC financing statements designed to harass and intimidate government officials in the performance of their duties); *United States v. Orrego,* No.04 CV 0008 SJ, 2004 WL 1447954 (E.D.N.Y. June 22, 2004) (prisoner purported to copyright his name, after which he filed fraudulent liens against various government officials for using his name without permission or payment); *Ray v. Williams,* No. CV-04-863-HU, 2005 WL 697041 (D. Or. Mar.24, 2005) (prisoner engaged in fraudulent scheme by which he filed false UCC filings against government officials seeking payment for unauthorized use of his copyrighted name); *United States v. Martin,* 356 F.Supp.2d 621 (W.D. Va.2005) (prisoner filed fraudulent UCC financing statements naming himself as the secured party for a $108,000,000.00 debt owed him by various government officials); *United States v. Brum,* No. CIV. A. 105CV110, 2005 WL 1606584 (E.D. Tex. July 1, 2005) (prisoner filed fraudulent liens and UCC financing statements against the judge and prosecutor involved in his criminal conviction); *Cooperwood v. McDonald,* No. 2:05 CV 111, 2005 WL 1427718 (W.D. Mich., June 13, 2005) (prisoner filed a fraudulent lien "for infringement of his copyrighted name"); *United States v. Stouder,* No. 3:04-1044, 2005 WL 2715666 (M.D. Tenn. Sept. 2, 2005) (prisoner filed fraudulent UCC financing statements against government officials in the amount of $300,000,000.00).

*Hudson v. Caruso,* No. 1:05-cv-32, 2007 WL 2363308 at *5 (W.D. Mich. Aug. 16, 2007).

Mr. Gregory was advised that he must allege specific facts in support of his

4

federal habeas corpus claims and that naked allegations of constitutional violations are not sufficient in a habeas corpus action. Despite these instructions, Mr. Gregory has failed to file an amended application that clarifies and provides fair notice of the federal habeas corpus claims he is asserting. Therefore, the action will be dismissed for failure to comply with the orders directing him to file an amended application.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Gregory failed to comply with court orders. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that any pending motions are denied.

DATED at Denver, Colorado, this __16th__ day of ___October___, 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court