IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02183-LTB

JOHNNY BRETT GREGORY,

    Applicant,

v.

DEBORAH DENHAM, Warden,

    Respondent.

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant, Johnny Brett Gregory, has filed *pro se* on October 22, 2014, an "Ex Parte Motion for Relief from the Judgement and Order October 16, 2014 Pursuant to Fed. R. Civ. P. 60(B)(4)" (ECF No. 20) asking the Court relieve him from the Order of Dismissal (ECF No. 18) and the Judgment (ECF No. 19) entered in this action. The Court must construe the motion liberally because Mr. Gregory is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the judgment in this action was entered. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

Mr. Gregory initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 contending that his constitutional rights have been violated in connection with two disciplinary convictions and asserting "supplemental jurisdiction" over his "non-party at fault" claims. On August 18, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Gregory to file an amended application if he wished to pursue any federal habeas corpus claims in this action. On September 5, 2014, I reviewed Mr. Gregory's objections to the August 18 Order, overruled the objections, and ordered Mr. Gregory to file an amended application that complied with the directives of the August 18 Order. On October 16, 2014, I reviewed the papers filed by Mr. Gregory and found that he failed to comply with the September 5 Order and

Magistrate Judge Boland's August 18 Order.  Accordingly, the application was denied and action was dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Gregory failed to comply with court orders directing him to file an amended application.

After review of the motion to reconsider and the entire file, the Court finds that Mr. Gregory fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  As an initial matter, Mr. Gregory's arguments for reconsideration do not relate in any way to the Court's reason for the dismissal--Mr. Gregory's failure to comply with court orders.  Instead, Mr. Gregory argues that the October 16 Order of Dismissal is void.  None of his arguments satisfy the Rule 59(e) standard.  First, Mr. Gregory argues that the Court "illegally re-cast[ ] Mr. Gregory's substantive habeas corpus pursuant to 28 U.S.C. § 2241 statutory right (docket 1) in the guise of fraud on the court by alleging . . . Mr. Gregory filed [an application pursuant to 28 U.S.C. § 2254.]"  This argument is without merit.  Although, the Order of Dismissal inadvertently referred to the application as filed pursuant to § 2254 in the opening paragraph, it is clear from the surrounding discussion that this was a typographical error that did not affect the analysis of Mr. Gregory's claims as brought pursuant to 28 U.S.C. § 2241 and the resulting dismissal for failure to comply with court orders.

Second, Mr. Gregory argues that the October 16 Order of Dismissal was defective because the Court failed to make a ruling on Mr. Gregory's claim "ex-parte motion for ability [sic] of the uniform commercial code" and Mr. Gregory's "Injured Party's Objection to Proceeding Before a Magistrate Judge."  In the October 16 Order of Dismissal, all pending motions were denied as moot, including the "Ex Parte Motion for

Applicability of the Uniform Commercial Code" (ECF No. 10), which was not a claim that was properly presented in Mr. Gregory's habeas application as he contends. Second, Mr. Gregory's argument that the October 16 Order of Dismissal was defective because the Court did not affirmatively rule on Mr. Gregory's "Injured Party's Objection to Proceeding Before a Magistrate Judge" (ECF No. 3) is irrelevant and without merit. Again, this objection does not concern the dismissal of the action for failure to comply with court orders. Moreover, the local civil rules for the District of Colorado authorize a magistrate judge to review prisoner pleadings to determine whether the pleadings should be dismissed summarily. *See* D.C.COLO.LCivR 8.1(b).

Finally, Mr. Gregory argues that the October 16 Order of Dismissal was a "defamatory communication" regarding his "legal UCC documents." This argument also fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss the action.

Therefore, the Court remains convinced that the action properly was dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) because Mr. Gregory failed to comply with court orders. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Ex Parte Motion for Relief from the Judgment and Order October 16, 2014 Pursuant to Fed. R. Civ. P. 60(B)(4)" (ECF No. 20) is DENIED.

DATED at Denver, Colorado, this   29th   day of   October  , 2014.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court